UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11011-GAO

ANDREW MOBUS,
Plaintiff,

v.

BARD COLLEGE, PETER LAIPSON, and SUSAN LYON,
Defendants.

ORDER
July 27, 2018

O'TOOLE, D.J.

This case arises from a student disciplinary proceeding at Bard College at Simon's Rock ("Bard" or "defendant") in which Andrew Mobus, the plaintiff, was found responsible for sexual misconduct against another student and consequently expelled. Mobus now brings claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and the Massachusetts common law, alleging that the investigation and disciplinary proceedings which led to his expulsion were procedurally flawed and motivated by gender bias on the part of Bard personnel who conducted the proceedings.[1] Currently before the Court are the parties' cross-motions to compel written discovery.

---

[1] The complaint asserts claims for (1) erroneous outcome, in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681; (2) breach of contract; (3) promissory estoppel; (4) negligent infliction of emotional distress; (5) intentional infliction of emotional distress; (6) breach of good faith and fair dealing; (7) negligence; and additionally seeks (8) a declaratory judgment nullifying the proceedings and expunging the plaintiff's record. Individual defendants named in the complaint, Peter Laipson, and Susan Lyon, were dismissed as parties by stipulation shortly after the filing of this lawsuit.

Many of the issues raised in the motion papers were resolved by the parties prior to or during the hearing on the pending motions held on May 7, 2018.[2] The issues still in dispute are addressed in turn. Issues that are now moot by agreement are identified as such.

## I.   Plaintiff's Motion to Compel Discovery Responses

The plaintiff's motion to compel discovery responses (dkt. no. 36) is GRANTED in part and DENIED in part as follows:

Document Request No. 26: The plaintiff's request that the defendant be ordered to produce all communications between *Bard College*—as opposed to *Bard College at Simon's Rock*—and the Department of Education Office of Civil Rights ("OCR") is DENIED. These communications are not relevant to the subject matter of this litigation given that Bard College and Bard College at Simon's Rock have separate reporting statuses for OCR purposes. The motion is similarly denied to the extent it seeks an order overruling Bard's general objection to the plaintiff's interrogatories and document requests.

Document Request Nos. 1–3: The defendant is now directed to submit the LF outcome letter to the Court for in camera review. The defendant shall file the document under seal and ex parte within seven (7) days of the entry of this order. The Court will review the document and issue a separate ruling regarding its production.

Document Request Nos. 22 & 24: The plaintiff's request to compel the production of all documents relating to JG's academic performance and disciplinary history while in attendance at Bard, including other allegations of misconduct that JG might have made, is DENIED. These

---

[2] The parties informally submitted documents during the motion hearing. Because they have been consulted in consideration of the issues raised, those documents have been placed on the docket under seal in conjunction with the entry of this order. The documents will be unsealed fourteen (14) days after the entry of this order unless either party raises an objection to the unsealing.

documents are not relevant to the plaintiff's claims against the school concerning the procedural adequacy of its disciplinary proceedings, as distinguished, for example, from a case in which his claims might be (or were) directly made against JG. Compelling their production would needlessly intrude on JG's privacy interest in her academic record.

Document Request No. 25: The plaintiff's request to compel the production of all documents and communications relating to modifications of Bard's student handbook from January 1, 2014, to the present is GRANTED to the extent that these documents and communications are not privileged.

Discovery from Bard Former Employees: The plaintiff's request for discovery from Bard's former employees is MOOT by agreement of the parties.

## II.   Defendant's Motion to Compel Discovery Responses

The defendant's motion to compel discovery responses (dkt. no. 48) is DENIED without prejudice as follows:

Document Request Nos. 45, 46, 50–52: The defendant's requests to compel the production of all documents and communications from the individuals who conducted the polygraph examinations of the plaintiff in connection with the LF and JG disciplinary proceedings, and the forensic psychiatrists who met with the plaintiff is DENIED without prejudice. The defendant has not demonstrated exceptional circumstances warranting the disclosure of these documents, which were prepared by non-testifying experts in anticipation of litigation, and in the case of the polygraph examination concerning the JG proceeding, after the plaintiff's expulsion. See Fed. R. Civ. P. 26(b)(4)(D); Szulik v. State St. Bank & Tr. Co., No. CIV.A. 12-10018-NMG, 2014 WL 3942934, at *1–2 (D. Mass. Aug. 11, 2014); In re PolyMedica Corp. Sec. Litig., 235 F.R.D. 28,

30–31 (D. Mass. 2006). The plaintiff states that he does not intend to use this information at trial. The defendant may renew its motion to compel if circumstances change.

<u>Document Request Nos. 48 & 49, and Unredacted Facebook Messages</u>: The defendant's requests for certain portions of the plaintiff's medical records and for unredacted copies of Facebook messages between the plaintiff and a certain individual are both MOOT by agreement of the parties.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>United States District Judge