## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW MOBUS,<br><br>    Plaintiff and Defendant-in-Counterclaim,<br><br>v.<br><br>BARD COLLEGE,<br><br>    Defendant and Plaintiff-in-Counterclaim. | C.A. No. 1:17-cv-11011-GAO |

### OPPOSITION TO ANDREW MOBUS'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITIES

Defendant is compelled to take the unfortunate but necessary step of opposing Andrew Mobus's Motion for Leave to File Notice of Supplemental Authorities (the "Motion") in order to make the Court aware of troubling representations of law contained in the Motion and the proposed Notice of Supplemental Authorities appended thereto (the "Notice"). While the Court of course has discretion to consider case law published after the summary judgment briefing in this matter, Plaintiff's assertion that the judicial decisions cited in the Notice "bear[] directly on the arguments raised" in his summary judgment briefing is manifestly wrong, and the "narratives" he has provided concerning the purported "relevance" of those decisions reflect an improper attempt to foist new and further arguments before the Court. More disturbingly, Plaintiff's purported justification for his Notice misapprehends case law and disregards the governing law in this Circuit. Plaintiff's elision of the critical differences between the cases he cites and the legal and factual framework in this litigation is consistent prior submissions to this Court, in which he has misleadingly truncated evidence, mischaracterized case law, and even re-

written this Court's orders.  He should not now be afforded the opportunity to add further dubious argumentation to the already voluminous summary judgment briefing before the Court.

### *Haidak v. University of Massachusetts-Amherst*

Plaintiff's "narrative" concerning the First Circuit's decision in *Haidak v. University of Massachusetts-Amherst* ("*Haidak*") omits a critical piece of information, namely that the Court of Appeals left untouched the District Court's entry of summary judgment for the defendant university on plaintiff Haidak's erroneous outcome claim.  *Haidak v. Univ. of Massachusetts at Amherst*, 299 F. Supp. 3d 242, 269–71 (D. Mass. 2018).  The District Court concluded that Haidak could not proceed on that claim because, like Plaintiff here, he had failed to present "a shred of evidence in the form of a statement or anything else that suggested that gender-based bias played any part in the disciplinary process." *Id.*  Haidak declined to challenge that decision in his appeal to the First Circuit.  *Haidak v. Univ. of Massachusetts-Amherst*, No. 18-1248, 2019 WL 3561802, at *12 (1st Cir. Aug. 6, 2019).

In asking this Court to consider *Haidak*, Plaintiff ignores the District Court's treatment of Haidak's erroneous outcome claim and Haidak's decision not to challenge that conclusion. Instead, Plaintiff asserts that the "relevance" of the First Circuit's decision lies in its analysis of Haidak's claim pursuant to 28 U.S.C. § 1983 ("Section 1983").  Section 1983, however, is entirely inapplicable to private institutions such as Defendant except in rare circumstances (none of which exist here).  *See Klunder v. Brown Univ.*, 778 F .3d 24, 30 (1st Cir. 2015) (affirming grant of summary judgment for defendant private university on plaintiff's Section 1983 claim); *Berrios v. Inter Am. Univ.*, 535 F.2d 1330, 1332 (1st Cir. 1976) (affirming dismissal of student plaintiffs' Section 1983 claim against private university); *Bleiler v. Coll. of Holy Cross*, No. CIV.A. 11-11541-DJC, 2013 WL 4714340, at *4 (D. Mass. Aug. 26, 2013 ) (collecting cases).

Moreover, Plaintiff has never asserted a Section 1983 claim against Defendant and has never argued that decisions concerning Section 1983 claims against public universities have any bearing on the claims he has brought against Defendant, a private institution that cannot conceivably be deemed a state actor. Had Plaintiff made such patently erroneous assertions, Defendant would have opposed them as plainly inconsistent with the law.

### *Doe v. Quinnipiac*

Plaintiff asserts that the District Court's decision in *Doe v. Quinnipiac* "bears on issues currently before this Court in that, after discovery, the Court ruled that plaintiff's Title IX and breach of contract claims (and other claims) presented issues of fact for determination at trial." Notice, p. 2. Plaintiff points this Court in particular to the "'erroneous outcome' Title IX analysis" that begins on page 7 of *Doe v. Quinnipiac*. *Id*. Plaintiff omits, however, that the court in *Quinnipiac* analyzed Plaintiff's Title IX claim under the burden-shifting framework adopted by the Second Circuit, which the First Circuit has not adopted. *See Haidak*, 2019 WL 3561802, at *12 ("[W]e have held off on deciding whether, as in the Second Circuit, 'the temporary presumption afforded to plaintiffs in employment discrimination cases under Title VII applies to sex discrimination plaintiffs under Title IX as well.'"); *Doe v. Trustees of Boston Coll.*, 892 F.3d 67, 90, n. 13 (1st Cir. 2018) ("We take no position as to whether such a presumption applies to Title IX claims because even if it did, it would not affect the outcome of this case."). Moreover, Plaintiff has never before in this matter argued that the Second Circuit's burden shifting approach to Title IX claims should apply to his erroneous outcome claim and has therefore waived any such claim. *See Peter Pan Bus Lines, Inc. v. Greyhound Lines, Inc.,* 189 F. Supp. 3d 217, 225 (D. Mass. 2016) (collecting cases and deeming waived argument not raised in summary judgment briefing or hearing); *U.S. ex rel. Dyer v. Raytheon Co*., No. CIV.A. 08-10341-DPW,

2013 WL 5348571, at *25–26 (D. Mass. Sept. 23, 2013) (argument not raised in summary judgment briefing deemed waived). His request that this Court look to an analysis conducted under that framework is thus inappropriate.

### *Doe v. California Institute of Technology*

The portion of the California Superior Court's decision in *Doe v. California Institute of Technology* cited by Plaintiff concerns the right of students accused of sexual misconduct to cross-examine witnesses in disciplinary proceedings. It therefore has no conceivable relevance to this litigation, which includes no claim that Plaintiff was entitled to cross-examine (directly or indirectly) witnesses in connection with the disciplinary proceedings against him. *Doe v. California Institute of Technology* is also inapposite because it rests in significant part on Sixth Circuit precedent (*Doe v. Baum* and *Doe v. University of Cincinnati*) that requires colleges and universities to provide an opportunity for students accused of misconduct to cross-examine witnesses at an in-person hearing. In *Haidak*, however, <u>the First Circuit expressly rejected this requirement</u>.[1] *Haidak,* 2019 WL 3561802, at *9. There, the First Circuit explained that it would not adopt the Sixth Circuit's decision in *Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018) ("*Baum*"), which announced "a categorical rule that the state school had to provide for cross-examination by the accused or his representative in all cases turning on credibility determinations." *Haidak,* 2019 WL 3561802, at *9. Even though the First Circuit has explicitly rejected *Baum*'s central

---

[1] In *Haidak*, the First Circuit concluded in analyzing plaintiff's Section 1983 claim that students at *public* colleges and universities have a constitutional due process right to "some opportunity for real-time cross-examination, even if through a hearing panel." *See Haidak*, 2019 WL 3561802, at *9. As discussed above, that conclusion has no applicability or relevance to a *private college's* disciplinary proceedings. *See also Hernandez–Loring v. Universidad Metropolitana*, 233 F.3d 49, 51 (1st Cir. 2000) ("[A] private university is not directly governed by the due process requirements of the Fifth and Fourteenth Amendments"); *Fine Mortuary Coll., LLC v. Am. Bd. of Funeral Serv. Educ., Inc.*, 473 F. Supp. 2d 153, 157 (D. Mass. 2006) (granting summary judgment to defendant on constitutional due process claim where defendant "is not a 'state actor'"); *Coveney v. President & Trustees of the Coll. of the Holy Cross*, 388 Mass. 16, 21-22 (1983) ("It is clear that because the college is a private institution, [the student] had no constitutional right to a hearing [or] to have an attorney present").

4

holding, Plaintiff's Notice inexplicably and misguidedly embraces the California Superior Court's reliance on *Baum*. *See* Notice, p. 3. Plaintiff's assertion that this Court should consider *Doe v. California Institute of Technology* misapprehends the governing law in this Circuit.

### *Doe v. Grinnell College*

Plaintiff's "narrative" about the District Court's determination in *Doe v. Grinnell College* that a reasonable jury could conclude that gender bias was a motivating factor in the college's disciplinary decision misrepresents the basis for that decision. Plaintiff asserts that the Court came to this decision "in view of the fact that the college ignored certain statements made by the female victim about sex where those statements 'weigh[ed] against the determination's conclusion.'" Notice, p. 4. This is an oversimplification of the Court's decision. In fact, in an analysis running seven pages, the Court considered a wide array of the particular evidence in that case before concluding that there was sufficient evidence on which a jury could find that the reasoning behind the determinations of responsibility in Doe's case reflected gender bias. *See Doe v. Grinnell Coll.*, No. 17-cv-00079-RGE-SBJ, *22-27 (S.D. Iowa July 9, 2019). That evidence included the following: (1) evidence that the determination of responsibility did not acknowledge complainant's statements to investigators that weighed against the conclusion of coercion; (2) evidence that the determination relied on the fact that complainant had run out of birth control; and (3) evidence concerning the analysis in a prior case determined by the same adjudicator who sat on Doe's case. *Id*. Considering all of this evidence, the Court noted that Doe was entitled to proceed to trial on his erroneous outcome case because he had "presented sufficient evidence from which a reasonable jury could deduce the determinations of responsibility relied upon by Grinnell to dismiss Doe were based on a biased perspective

regarding the behavior of women during sexual encounters." *Id*. at 23.  Simply put, *Grinnell* is limited to its facts and has no bearing on this matter.

### *Doe v. Purdue University*

Plaintiff asks the Court to consider the Seventh Circuit's treatment of plaintiff Doe's Title IX claim against Purdue University, *Doe v. Purdue University*, 928 F. 3d 652, 667–70 (7th Cir. 2019), a case that involved the district court's ruling on a motion to dismiss (where plaintiff's allegations had to be accepted as true), *not* a motion for summary judgment (the posture in this case).  Consistent with his pattern of simply omitting facts that he does not find helpful, Plaintiff fails to acknowledge that the Seventh Circuit considered Doe's allegations of bias against a "backdrop" of the purported pressure on colleges and universities created by the issuance of the 2011 "Dear Colleague Letter" by the Department of Education.  *Doe v. Purdue Univ.*, 928 F. 3d at 667–70.  In doing so, the Court noted that "[o]ther circuits have treated the Dear Colleague letter as relevant in evaluating the plausibility of a Title IX claim." *Id*. (citing cases).  The First Circuit, however, is decidedly not one of those circuits.  *See Doe v. Trustees of Boston Coll.*, 892 F.3d at 92 (rejecting argument that Dear Colleague Letter reflected bias).  Even setting aside this distinction, the facts alleged by Doe (which the Court was required to accept) differ markedly from the evidence mustered by Plaintiff in this matter following extensive discovery.  The Seventh Circuit's decision is thus procedurally and factually inapposite.

## CONCLUSION

For these reasons, Defendant requests that the Court (1) deny Plaintiff's Motion for Leave to File Notice of Supplemental Authorities, and (2) strike from the record Exhibit A to Plaintiff's Motion for Leave to File Notice of Supplemental Authorities.  Alternatively, if the Court grants leave for Plaintiff to file the Notice of Supplemental Authorities, Defendant requests the opportunity to submit a responsive brief of no more than ten (10) pages.

Respectfully Submitted,

**BARD COLLEGE,**
By its attorneys,

/s/ Arielle B. Kristan
Scott A. Roberts (BBO No. 550732)
 sroberts@hrwlawyers.com
Arielle B. Kristan (BBO No. 677048)
 akristan@hrwlawyers.com
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, Massachusetts 02110
Tel. (617) 348-4300 // Fax (617) 348-4343

Dated: August 21, 2019

## CERTIFICATE OF SERVICE

I, Arielle B. Kristan, certify that this document, filed through the Electronic Case Filing (ECF) system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 21, 2019

/s/ Arielle B. Kristan
Arielle B. Kristan