**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANDREW MOBUS,<br>　　　　Plaintiff,<br><br>　　v.<br><br>BARD COLLEGE,<br>　　　　Defendant. | C.A. No. 1:17-cv-11011-GAO |

**DEFENDANT'S EMERGENCY MOTION TO COMPEL PRODUCTION OF**
**UNREDACTED PSYCHOTHERAPY RECORDS**

Pursuant to Local Rule 37.1, Defendant hereby moves on an emergency basis to compel Plaintiff to provide complete and unredacted treatment notes from Plaintiff's treating psychiatrist in advance of the January 17, 2020 deadline for Defendant's expert disclosures and the February 14, 2020 deadline for expert depositions. *Defendant seeks emergency relief in order to avoid prejudice to Defendant's efforts to prepare its expert disclosures, depose Plaintiff's psychiatric expert, and defend against Plaintiff's damages claim at trial*.

Plaintiff has disclosed two expert witnesses who together intend to testify that Plaintiff has suffered over eight million dollars in damages because the actions of Bard College at Simon's Rock ("Simon's Rock") have rendered Plaintiff unable to continue his education or work in any capacity. This extraordinary claim is based in significant part on the recently produced treatment notes of Dr. Michael Laikin, a psychiatrist who has treated Plaintiff since September 2014 (the "Supplemental Laikin Records"). Those notes provide a critical contemporaneous record of Plaintiff's mental state, and Dr. Laikin's evaluation thereof, in the years since Plaintiff left Simon's Rock. Plaintiff has nonetheless refused to produce a complete and unaltered set of the Supplemental Laikin Records, instead invoking Rule 26(b)(3) of the

Federal Rules of Civil Procedure ("Rule 26(b)(3)") to excise text that he claims reflects "improvident disclosures" of oral communications between Plaintiff and his counsel regarding "trial-preparation matters."

Plaintiff's refusal to produce a complete and unaltered set of Dr. Laikin's records runs counter to established law and is unfair and prejudicial to Defendant. His purported justification runs counter to the plain language of Rule 26(b)(3) and well established caselaw. Nothing in Rule 26(b)(3) allows Plaintiff to selectively redact portions of the Supplemental Laikin Records, and, even if it did, Plaintiff has waived its protections. Moreover, Defendant can overcome any application of Rule 26(b)(3) because Defendant has a substantial need for the excised materials and cannot obtain them by any other means.

WHEREFORE, Defendant respectfully requests that this Court enter an order granting this Motion and ordering as follows:

1. Plaintiff shall provide unredacted copies of the Supplemental Laikin Records within two (2) business days; and

2. The deadline for the disclosure of Defendant's rebuttal experts shall be the later of January 17, 2020 or seven (7) days from the production to Defendant of the unredacted Supplemental Laikin Records.

    Respectfully Submitted,

    **BARD COLLEGE,**
    By its attorneys,

    /s/ Arielle B. Kristan
    Scott A. Roberts (BBO No. 550732)
        sroberts@hrwlawyers.com
    Arielle B. Kristan (BBO No. 677048)
        akristan@hrwlawyers.com
    HIRSCH ROBERTS WEINSTEIN LLP
    24 Federal Street, 12th Floor
    Boston, Massachusetts 02110
    Tel. (617) 348-4300 / Fax (617) 348-4343

Dated: January 7, 2020

## CERTIFICATION PURSUANT TO LOCAL RULE 37.1

I, Arielle B. Kristan, hereby certify that counsel for Defendant has made a good faith and reasonable effort to resolve the above-referenced issues by conferring in good faith with counsel for Plaintiff.

/s/ Arielle B. Kristan
Arielle B. Kristan (BBO No. 677048)

## CERTIFICATE OF SERVICE

I, Arielle B. Kristan, certify that this document, filed through the Electronic Case Filing (ECF) system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 7, 2020.

/s/ Arielle B. Kristan
Arielle B. Kristan (BBO No. 677048)