UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANDREW MOBUS,
        Plaintiff,

v.

BARD COLLEGE,
        Defendant.

C.A. No. 1:17-cv-11011-GAO

**SUPPLEMENTAL FILING REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF UNREDACTED PSYCHOTHERAPY RECORDS**

Pursuant to the Court's order following the November 18, 2020 status hearing in this matter (ECF No. 220), Defendant submits this update concerning Defendant's Emergency Motion to Compel Production of Unredacted Psychotherapy Records (ECF No. 205) (the "Motion to Compel"). Following the filing of the Motion to Compel on January 7, 2020, Plaintiff removed some—but not all—of the redactions to the treatment notes of Plaintiff's treating psychiatrist, Dr. Michael Laikin (the "Laikin Records"). The Laikin Records form the basis for the assertions of Plaintiff's expert witnesses that Plaintiff's expulsion from Bard College at Simon's Rock ("Simon's Rock" or the "College") has rendered him forever unable to continue his education or work in any capacity, and that Plaintiff is thus entitled to over eight million dollars in damages. Defendant continues to seek the Court's assistance in obtaining a complete and unredacted copy of these important documents, which are highly relevant and entirely unprotected by any conceivable legal privilege.

Before filing the Motion to Compel, Defendant's counsel conferred with Plaintiff's counsel multiple times seeking to resolve this dispute without Court intervention. *See* Memorandum in Support of Defendant's Emergency Motion to Compel Production of

Unredacted Psychotherapy Records (ECF No. 206) (the "Memorandum"), pp. 5–6.  Throughout those discussions, Plaintiff refused to provide the Laikin Records in unredacted form, thus prompting the filing of the Defendant's Motion to Compel.  *See id*.  The day after Defendant filed its motion, however, Plaintiff agreed to remove "all but one" redaction from the Laikin Records.  To date, Plaintiff has refused to remove the remaining redaction.

Review of the previously redacted text has only served to raise further concerns about the remaining redaction.  In originally seeking to justify Plaintiff's wholesale refusal to produce the unredacted Laikin Records, Plaintiff's counsel stated that the redacted text reflected "improvident disclosures" of communications between Plaintiff and his attorneys, but that has proven to be inaccurate.  After several of the Laikin Records were produced in unredacted form, Defendant discovered that the redactions concealed Dr. Laikin's notes about his own discussion with another expert witness and Plaintiff's statements to Dr. Laikin about his "reluctance" to speak with an expert witness, not any information about attorney-client communications.

Subsequent expert deposition discovery has only underscored the prejudice that Defendant faces without access to the unredacted Laikin Records, as it has been revealed that Plaintiff has provided the Laikin Records in *unredacted* form to his own experts, while at the same time untenably arguing that Defendant's experts may only review *redacted* versions of those same records.  As set forth in detail in the Memorandum, Plaintiff's psychiatric expert, Dr. Robert Goldstein, has relied upon the Laikin Records as support for the opinions he seeks to present to the jury, including his assertion that Plaintiff is "highly unlikely" to resume his education or obtain gainful employment.[1]  Memorandum, pp. 3–4.  During his deposition on February 7, 2020, Defendant's counsel showed Dr. Goldstein the Laikin Records that had been

---

[1] In turn, Plaintiff's economics expert relies on Dr. Goldstein's conclusions as the basis for her assertion that Plaintiff has suffered financial losses between $4,292,480 and $8,470,683.  *See* Memorandum, p. 4.

provided to the Defendant, which contained multiple "blackouts" (i.e., redactions).  Dr. Goldstein testified that the Laikin Records that *he* had received, reviewed, and on which he based his expert opinion, *did not have any blackouts*.  *See* Transcript of the Deposition of Robert Goldstein, attached hereto as Exhibit A, 208:22–211:10.  When shown the blackouts in Defendant's copy of the Laikin Records, Dr. Goldstein immediately commented, "That's strange."  *Id*. at 209:9–16.

Defendant agrees with Dr. Goldstein's assessment—the redactions are "strange."  They are also wholly unjustifiable.  Without equal access to the complete and unredacted documents on which Dr. Goldstein relied, Defendant faces an unfair disadvantage as it prepares to cross examine Dr. Goldstein and to present the testimony of its own psychiatric expert.

For these reasons, and for the reasons set forth in the Motion to Compel, the Memorandum, and all other supporting documentation, Defendant respectfully requests that the Court GRANT the Motion to Compel.

        **BARD COLLEGE,**
        By its attorneys,

        /s/ Scott A. Roberts
        Scott A. Roberts (BBO No. 550732)
            sroberts@hrwlawyers.com
        Arielle B. Kristan (BBO No. 677048)
            akristan@hrwlawyers.com
        HIRSCH ROBERTS WEINSTEIN LLP
        24 Federal Street, 12th Floor
        Boston, Massachusetts 02110
        Tel. (617) 348-4300 / Fax (617) 348-4343

Dated: December 2, 2020

**CERTIFICATE OF SERVICE**

      I, Scott A. Roberts, certify that this document, filed through the Electronic Case Filing (ECF) system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 2, 2020.

                                      /s/ Scott A. Roberts
                                      Scott A. Roberts (BBO No. 550732)