UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11011-GAO

ANDREW MOBUS,
Plaintiff,

v.

BARD COLLEGE, PETER LAIPSON, and SUSAN LYON,
Defendants.

PROCEDURAL ORDER
January 15, 2021

O'TOOLE, S.D.J.

1. Trial in this case will begin at 9:00 a.m. on April 1, 2021. The parties shall appear before the Court for a final pretrial conference at 11:00 a.m. on March 4, 2021. Unless excused by the Court, each party shall be represented at the pretrial conference by counsel who will conduct the trial.

2. Prior to the final pretrial conference, each party shall contact the Courtroom Deputy Clerk to coordinate any necessary technological training and arrangements in preparation for trial.

3. Prior to the final pretrial conference, the parties shall meet to accomplish the following:

    a. to discuss and negotiate possible settlement of the action;

    b. to draft and sign a stipulation as to all uncontested facts;

    c. to narrow the issues to be tried;

    d. to exhibit to all parties any and all photographs, documents, instruments, and other objects any party intends to offer as exhibits at trial;

    e. to give notice to all parties of the names and addresses of witnesses a party

   intends to call at trial; and

  f. to agree on technical and logistical arrangements for any remote testimony, consistent with all applicable Local Rules and General Orders.

4. After the meeting(s) referenced in Paragraph 3 and at least 21 days before the pretrial conference, counsel shall jointly file the following documents:

  a. A joint pretrial memorandum, which sets forth the following information:

   i. a concise summary of the evidence that will be offered by the parties with respect to both liability and damages (including special damages, if any);

   ii. a joint stipulation of facts agreed to by the parties;

   iii. contested issues of material fact;

   iv. any jurisdictional questions;

   v. any issues raised by then-pending motions;

   vi. any issues of law, including evidentiary questions, together with supporting authority;

   vii. the probable length of trial based on a trial schedule of 9:00 a.m. to 1:00 p.m. and 2:00 p.m. to 4:00 p.m. daily and whether jury or nonjury;

   viii. a list of any depositions to be used at trial as part of a party's case in chief, identifying pages or portions to be used; and

   ix. a list of the names and cities of witnesses who will testify at trial and the purpose of the testimony, i.e., whether factual, medical, expert, etc.

  b. A joint list of exhibits to be introduced without objection; and

  c. A joint list of proposed exhibits to be offered at trial as to which an opposing party has reserved the right to object.

5. At least 21 days before the pretrial conference, counsel shall individually file the following documents:

    a. Any motions in limine or other requests regarding foreseeable disputes concerning evidentiary issues;

    b. Proposed jury instructions with citation to supporting authority;

    c. Proposed voir dire questions; and

    d. Proposed verdict forms.

6. Any oppositions or responses to the pretrial filings, including motions in limine, shall be filed at least 14 days prior to the pretrial conference. Counsel are reminded that no motion shall be filed without first conferring with opposing counsel in good faith to resolve or narrow the issue. L.R. 7.1(a)(2).

7. At least 7 days before the commencement of trial, counsel shall file with the Court three hard-copy sets of all exhibits identified in Paragraph 4(b)–(c), with each exhibit labeled by number. By that same date, counsel shall also provide the Courtroom Deputy Clerk an electronic copy of the exhibits consistent with the requirements of the Jury Evidence Recording System.

8. Counsel shall review and comply with all applicable COVID-19 rules, orders, and protocols affecting attendance at trial, and shall be responsible for communicating same to any clients, witnesses, interpreters, and any other individuals who may seek to attend any in-person proceedings. This includes, but is not limited to, Massachusetts COVID-19 Travel Order and the Court's General Order 20-35.

It is SO ORDERED.

                                                          /s/ George A. O'Toole, Jr.
                                                          Senior United States District Judge