UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
|  | ) |  |
| ANDREW MOBUS, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Civil Action No. 17-11011-GAO |
|  | ) |  |
| BARD COLLEGE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO
PRECLUDE TRIAL TESTIMONY OF LESLIE DAVIDSON**

Defendant Bard College ("Bard") has listed Leslie Davidson as a fact witness for trial.

Bard introduced an affidavit from Ms. Davidson in opposition to Plaintiff's motion for summary

judgment.  However, Bard failed to list Ms. Davidson in its initial disclosures as a person with

"information – along with the subjects of that information – that the disclosing party may use to

support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P.

26(a)(1)(A)(i).  Ex. A, Bard Initial Disclosures.

Moreover, Andrew's first interrogatory asked Bard to "[i]dentify all individuals with

knowledge of . . .(b) any defense that Bard may have to such claims; and set forth the substance

of any such knowledge."  Bard identified Alexandra Taylor as the only person whose "knowledge

is expected to concern communications between Simon's Rock and Mr. Mobus during the

admissions process, including representations that Mr. Mobus was reportedly prepared to take on

greater responsibility and independence."  Ex. B, Bard First Interrog. Answers.

In reliance on Bard's sworn interrogatory answer, Plaintiff's counsel subpoenaed

Alexandra Taylor and took her deposition in Austin, Texas on July 12, 2018, only eight (8) days

after Bard filed its counterclaim.  Bard, however, never amended its disclosures or interrogatory response to add Davidson as a person with knowledge of Bard's defenses.  *See* Fed. R. Civ. P. 26(e)(1).

In this Court, a litigant who ignores case-management deadlines does so at his peril. *Macaulay v. Anas,* 321 F.3d 45, 50 (1st Cir. 2003); *Rosarios-Diaz v. Gonzalez,* 140 F.3d 312, 315 (1st Cir. 1998).  Where, as here, a party fails to identify a witness in discovery, that witness may not supply evidence at trial.  Fed. R. Civ. P. 37(c); *Poulis-Minott v. Smith,* 388 F.3d 354, 358 (1st Cir. 2004).  Bard cannot substantially justify its failure to disclose Ms. Davidson within the fact discovery period and before summary judgment, nor can Bard show its nondisclosure was harmless.  *See* Fed. R. Civ. P. 37(c)(1); *Alves v. Mazda Motor of Am., Inc.*, 448 F. Supp. 2d 285, 293 (D. Mass. 2006) (citation omitted) (stating that the party that failed to disclose the witness has the burden to show substantial justification or harmlessness).

In the end, Bard seeks to replace Ms. Taylor's unfavorable deposition testimony with a current and friendlier employee, Ms. Davidson, whom Mobus did not depose because Bard failed to identify her before the close of fact discovery.  Ms. Davidson's testimony relates exclusively to the reliance element of Bard's counterclaim and affirmative defense of rescission, which was filed on June 4, 2018.  Doc. 80.  Bard submitted Ms. Davidson's affidavit nearly ten months later, Ex. C, Davidson Aff. (Doc. 136), in opposition to Plaintiff's motion for summary judgment (Doc 112), and almost eight months after the close of fact discovery.

The surprise to Mr. Mobus was obvious given his efforts to depose Ms. Taylor and certainly weighs against permitting Ms. Davidson's trial testimony.  The purpose of Ms. Davidson's testimony is to testify about the reliance element of Bard's request for rescission.  *See* Ex. C.  That Bard would have to offer evidence of reliance from its admissions personnel was obvious from at

least the day it filed its counterclaim.  Nevertheless, Bard failed to identify Ms. Davidson in its

discovery responses and submitted her affidavit long after the close of discovery.  She should be

precluded from testifying.  *Bern Unlimited, Inc. v. Burton Corp.*, 95 F. Supp. 3d 184, 201 (D.

Mass. 2015) (granting motion to exclude five witnesses disclosed during summary judgment

briefing and three months after the close of discovery where testimony went to key and long-

known issue in case).

## CONCLUSION

Ms. Davidson should be precluded from testifying at trial because of Bard's failure to

timely disclose her as a fact witness before the close of fact discovery.


Respectfully submitted,

Andrew Mobus

By His Attorneys,

DLA PIPER LLP (US)


/s/ Matthew J. Iverson_____
Matthew J. Iverson (BBO # 653880)
33 Arch Street, 26th Floor
Boston, MA 02110
(617) 406-6000
(617) 406-6100 (fax)
matthew.iverson@dlapiper.com

/s/ Charles B. Wayne_____
Charles B. Wayne (*pro hac vice*)
Brian J. Young (*pro hac vice*)
500 8th Street, N.W.
Washington, D.C. 20004
(202) 799-4000
(202) 799-5000 (fax)
charles.wayne@dlapiper.com
brian.young@dlapiper.com

4

/s/ Lisa A. Frey

Lisa A. Frey (*pro hac vice*)
50 Old Main Road, #1857
Quogue, NY  11959
(917) 565-1066
lisaxfrey@gmail.com

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February, 2021, a copy of the foregoing was served by electronic mail using the CM/ECF system, which will then send notification of such filing to all counsel of record.

/s/Charles B. Wayne
Charles B. Wayne