UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW MOBUS,<br><br>    Plaintiff and Defendant-in-Counterclaim,<br><br>    v.<br><br>BARD COLLEGE,<br><br>    Defendant and Plaintiff-in-Counterclaim. | C.A. No. 1:17-cv-11011-GAO |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO STRIKE AFFIRMATIVE DEFENSE**

Not only is Plaintiff's Motion for Judgment on the Pleadings and Motion to Strike grossly untimely, but this Court has twice before recognized the sufficiency of Defendant's fraudulent inducement counterclaim and affirmative defense. Plaintiff Andrew Mobus ("Mobus" or "Plaintiff") nonetheless again asks this Court to dismiss Defendant's counterclaim and strike its affirmative defense in order to avoid the consequences of his misrepresentations to Bard College at Simon's Rock ("Simon's Rock" or the "College"). Mobus's arguments, which are untethered to any legal support and contradict well-settled Massachusetts precedent, reflect his increasing desperation to prevent this Court (with the assistance of the jury) from determining whether he obtained admission to Simon's Rock through fraudulent statements about his academic and disciplinary history and readiness to attend Simon's Rock. The Court should reject Mobus's eleventh hour attempt to escape responsibility for the untruthful manner in which he gained admission to Simon's Rock and deny Plaintiff's Motion for Judgment on the Pleadings and Motion to Strike.

1

## ARGUMENT

### I. Plaintiff's Motion Should be Rejected as Untimely.

Mobus's last-ditch attempt to avoid reckoning with the fraudulent misrepresentations made in connection with his application to Simon's Rock is untimely under the Federal Rules of Civil Procedure. Defendant identified fraudulent inducement both as an affirmative defense and a counterclaim in its Amended Answer filed on June 4, 2018. *See* Amended Answer (ECF No. 80), p. 37 (Third Affirmative Defense), pp. 38–40 (Counterclaim). Mobus's effort to "strike" Defendant's affirmative defense is thirty-one months too late, as a motion to strike must be made "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).

Mobus's motion for judgment on the pleadings, which would apply to Defendant's counterclaim, is also tardy. A motion for judgment on the pleadings must be made "after the pleadings are closed—*but early enough not to delay trial*." Fed. R. Civ. P. 12(c). This time standard clearly contemplates filing a motion for judgment on the pleadings far enough in advance of trial to allow the opposing party and the Court time to grapple with a critical dispositive motion. The Defendant's Amended Answer was filed more than two and a half years ago, and Plaintiff has known that this case is going to trial since September 27, 2019. There is no conceivable legitimate reason to wait until such a late date to file a motion for judgment on the pleadings.

Plaintiff cites to Rule 12(h)(2)(b)–(c) for the proposition that its motion is timely filed. *See* Plaintiff's Motion for Judgment on the Pleadings and Motion to Strike Affirmative Defense (ECF No. 244), p. 1. That rule, however, allows only for a motion for judgment on the pleadings to be made by a motion under Rule 12(c), with its attendant timing requirements, or at trial. It

does not permit Plaintiff to file a Rule 12(c) motion six weeks before trial, and it certainly does not allow Plaintiff file a motion to strike more than two years after it was due under Rule 12(f).

### II. Plaintiff's Motion is Deficient as a Matter of Law.

To prevail on his motion to dismiss Defendant's counterclaim, Mobus must demonstrate that Defendant "can prove no facts in support of its claim that entitles it to relief." *Honeywell Consumer Prod., Inc. v. Windmere Corp.*, 993 F. Supp. 22, 24 (D. Mass. 1998). To succeed on his motion to strike, Mobus must meet an even higher bar. An affirmative defense may be stricken only if it is "if it is legally insufficient, redundant, immaterial, impertinent or scandalous." *Id*. "Motions to strike defenses are disfavored and should be granted only when it is beyond cavil that the defendant[ ] could not prevail on them." *Id*. (internal quotations marks and quotation omitted). *See also U.S. S.E.C. v. Northern*, 400 F. Supp. 2d 362, 364 (D. Mass. 2005) ("Motions to strike under Rule 12(f) are generally disfavored, and this Court has previously stated that they should be granted only when it is beyond cavil that the defendant[ ] could not prevail on them.") (internal quotation marks omitted). To meet this high bar, Mobus must prove that he will defeat Defendant's counterclaim "despite any state of facts which could be provide in support of [the] defense." *U.S. S.E.C.*, 400 F. Supp. 2d at 364 (*quoting FDIC v. Gladstone*, 44 F. Supp. 2d 81, 85 (D. Mass. 1999)). For the reasons set forth below, Mobus does not come near the showing to succeed on his motion for judgment on the pleadings or motion to strike.

> **A.** *This Court has Already Acknowledged the Sufficiency of the Defendant's Fraudulent Inducement Counterclaim and by Extension Its Affirmative Defense.*

This Court has twice before acknowledged the legal viability of Defendant's counterclaim and affirmative defense of fraudulent inducement. Simon's Rock proposed to add the counterclaim and affirmative defense through a motion to amend its Answer. *See* Motion to

3

Amend Answer by Bard College (ECF No. 52). In order to obtain leave for its proposed amendment, Simon's Rock bore the burden of establishing that it had pleaded allegations sufficient to survive a Rule 12(b)(6) motion to dismiss. *See O'Leary v. New Hampshire Boring, Inc.*, 323 F.R.D. 122, 126 (D. Mass. 2018) (in reviewing amended claims "district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion") (*citing Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). By granting the Defendant's motion to amend its Answer to include the counterclaim and affirmative defense, this Court acknowledged that Bard's pleading met the Rule 12(b)(6) standard. *See* May 7, 2018 Order (ECF No. 74). As Mobus recognizes, his motion for judgment on the pleadings under Rule 12(c) is judged under the very same 12(b)(6) standard that the Defendant has already met. *See* Memorandum in Support of Plaintiff's Motion for Judgment on the Pleadings and Motion to Strike Affirmative Defense (ECF No. 244-1), p. 5 (*citing Jardin De Las Catalinas Ltd. P'ship v. Joyner,* 766 F.3d 127, 132 (1st Cir. 2014)).

Mobus also had an opportunity, which he took, to challenge the Defendant's counterclaim and affirmative defense at summary judgment.[1] *See* Plaintiff's Reply Memorandum in Further Support of His Motion for Partial Summary Judgment (ECF No. 171), pp. 8–20. Mobus argued both that rescission based on fraudulent inducement was not available as a matter of law (*id*. at pp. 8–10), and that Simon's Rock had not presented evidence of fraudulent inducement sufficient to survive summary judgment (*id*. at pp. 10–20). The Court rejected both arguments when it denied Plaintiff's Motion for Summary Judgment, stating "[t]his

---

[1] In Mobus's opposition to the Motion to Amend (ECF No.57), he stated, "Bard's proposed new defenses and counterclaims lack merit, both legally and factually. Nevertheless, Mobus recognizes that Rule 15 motions are routinely granted, and the most efficient way to deal with Bard's defective claims would be through dispositive motions after the close of discovery." Thereafter, the parties filed a "Joint Proposal for Scheduling Expert Discovery and Dispositive Motions" (ECF No. 87) in which they proposed February 15, 2019 for the filing of summary judgment motions (the only dispositive motion that had been expressly discussed). After the College filed an assented-to motion (ECF 122), the Court extended that deadline to April 1, 2019 (ECF 126).

case should be resolved on the basis of a full evidentiary presentation at trial." *See* September 27, 2019 Order (ECF No. 197).

Having twice recognized the sufficiency of the Defendant's fraudulent inducement counterclaim and affirmative defense, this Court need not revisit the issue for a third time. Mobus has identified no change in circumstances, novel law, or new information that warrants yet another challenge to the sufficiency of the Defendant's pleadings.

### B. *Plaintiff Mischaracterizes the Contractual Relationship Between a Student and a College.*

Plaintiff's first argument relies on the fantastical and unfounded assertion that there are two separate contracts between Mobus and Simon's Rock—a "contract for admission" and the Student Handbook. *See* Memorandum in Support of Plaintiff's Motion for Judgment on the Pleadings and Motion to Strike Affirmative Defense (ECF No. 244-1), pp. 7–8. Plaintiff identifies not a single Massachusetts case that supports this bizarre argument. At the same time, he ignores entirely the decisions of this Court and of the First Circuit addressing the nature of the relationship between a student and a college or university that refute his argument.

As this Court recently explained, "[s]tudent-college relationships are contractual in nature and the terms of that contractual relationship can be derived from student policy manuals." *Sonoiki v. Harvard Univ.*, No. 19-CV-12172, 2020 WL 3416516, at *8 (D. Mass. June 22, 2020) (appeal filed July 16, 2020). Put another way, "[t]he student-college relationship is essentially contractual in nature" and "[t]he terms of the contract may include statements provided in student manuals and registration materials." *Mangla v. Brown Univ.*, 135 F.3d 80, 83 (1st Cir. 1998); *see also Bleiler v. Coll. of Holy Cross*, No. CIV.A. 11-11541-DJC, 2013 WL 4714340, at *14 (D. Mass. Aug. 26, 2013) ("The terms of this contract [between student and college] were the terms contained in the Student Handbook and other college materials."); *Guckenberger v.*

5

*Boston Univ.*, 957 F. Supp. 306, 317 (D. Mass. 1997) ("Universities are capable of forming legally cognizable contractual relationships with their students. . . . Brochures, policy manuals, and other advertisements can form the basis of such contractual agreements."). None of these cases (or any other Massachusetts case) contemplates there being two distinct contracts between Mobus and Simon's Rock. Instead, these cases make clear that the Student Handbook supplies the terms for any contractual relationship between Mobus and Simon's Rock.[2] Mobus cannot evade the consequences of his misrepresentations to Simon's Rock by ignoring these clear Massachusetts precedents.

### C. *Handbook Provisions Concerning False Information Do Not Foreclose the Equitable Remedy Sought by Simon's Rock.*

Mobus next asserts that because the Student Handbook sets forth certain remedies for the discovery that a *current* student has made a false representation, Simon's Rock is not entitled to pursue the equitable remedy of rescission when it discovered his misrepresentations *after* he had been expelled and had sued Simon's Rock. *See* Memorandum in Support of Plaintiff's Motion for Judgment on the Pleadings and Motion to Strike Affirmative Defense (ECF No. 244-1), pp. 9–10. Mobus cites no case that supports his extraordinary theory that the existence of a non-applicable contractual remedy forecloses an equitable remedy. The cases that he does cite—from the Seventh and Tenth Circuits and the Eastern District of Michigan—are entirely inapposite, as they concern due process challenges to disciplinary actions against prospective or current students by public colleges and universities. *See id*. at pp. 9–10 (*citing Martin v.*

---

[2]    Mobus's argument suffers a further deficiency. If the Student Handbook constituted a contract separate and apart from Mobus's "contract for admission," Mobus has not identified any process by which the Student Handbook was offered and accepted, nor any consideration for the Student Handbook. Under his own theory, then, Mobus cannot sue for an alleged breach of the Student Handbook because he has never identified the required elements for contract formation. *See Doe v. Trustees of Boston Coll.*, 892 F.3d 67, 89 (1st Cir. 2018) (offer, acceptance, and consideration are "essential elements for the formation of a contract under Massachusetts law").

*Helstad*, 699 F.2d 387, 390 (7th Cir. 1983), *Brown v. Univ. of Kansas*, 599 F. App'x 833, 837–38 (10th Cir. 2015) and *Fuller v. Schoolcraft Coll.*, 909 F. Supp. 2d 862, 867 (E.D. Mich. 2012)). Accordingly, while the Student Handbook provisions identified by Mobus do highlight how seriously Simon's Rock takes false representations in the application process, they do not shield Mobus from the College's counterclaim and affirmative defense.

### D. *Defendant Has Adequately Pleaded All Elements of its Rescission Counterclaim and Affirmative Defense; Including that Mobus's Misrepresentations Undercut the Foundation of His Contract with Simon's Rock.*

In the final section of his Motion, Mobus makes a last scatter-shot effort to undercut Simon's Rock's counterclaim and affirmative defense. While Mobus's argument in this section is not entirely clear, he seems to be arguing that the equities do not weigh in favor of granting Simon's Rock the equitable relief of rescission. That decision about the appropriate relief for Mobus's misconduct, however, has no bearing on whether Simon's Rock has adequately stated its counterclaim and affirmative defense. Simon's Rock is entitled to proceed on its counterclaim unless Mobus can show that Simon's Rock "can prove no facts in support of its claim that entitles it to relief." *Honeywell Consumer Prod.*, 993 F. Supp. at 24. And Simon's Rock can advance its affirmative defense unless it is "beyond cavil" that the defense cannot succeed. *Id*. As this Court has already twice decided, Simon's Rock has met this standard.

Mobus also claims that his misrepresentations do not warrant rescission because they do not go "to the essence" of his contract with Simon's Rock or disrupt "the foundation" of that contract. *See* Memorandum in Support of Plaintiff's Motion for Judgment on the Pleadings and Motion to Strike Affirmative Defense (ECF No. 244-1), pp. 10–11. While, again, this is a factual matter that must be resolved at trial, it is hard to imagine a malfeasance that would more seriously undermine the foundation of a contract between a college and a student than the

7

student's multiple false misrepresentations about his disciplinary and academic history. Absent those misrepresentations, Mobus would not have been offered admission to Simon's Rock, and no contract would have been formed between the parties. The evidence to be elicited at trial will make clear that rescission is justified to remedy just how fundamentally Mobus undercut the contractual relationship between himself and Simon's Rock. For now, however, the Defendant has adequately pleaded its counterclaim and affirmative defense, and it is entitled to advance them to trial.

**BARD COLLEGE**
By its attorneys,

/s/ Scott A. Roberts
Scott A. Roberts (BBO No. 550732)
   sroberts@hrwlawyers.com
Arielle B. Kristan (BBO No. 677048)
   akristan@hrwlawyers.com
HIRSCH ROBERTS WEINSTEIN LLP
24 Federal Street, 12th Floor
Boston, Massachusetts 02110
(617) 348-4300

February 18, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on February 18, 2021.

/s/ Scott A. Roberts
Scott A. Roberts