UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW MOBUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 17-11011-GAO |
| ) | |
| BARD COLLEGE, ) | |
| ) | |
| Defendant. ) | |

**<u>PLAINTIFF'S REVISED PROPOSED JURY INSTRUCTION NOS. 14, 15, 16, AND 19</u>**

Plaintiff Andrew Mobus submits the attached revised proposed Jury Instruction Nos. 14, 15, 16, and 19.

Respectfully submitted,

Andrew Mobus

By his attorneys,

DLA PIPER LLP (US)

/s/ Matthew J. Iverson
Matthew J. Iverson (BBO # 653880)
33 Arch Street, 26th Floor
Boston, MA 02110
(617) 406-6000
(617) 406-6100 (fax)
matthew.iverson@dlapiper.com

/s/ Charles B. Wayne
Charles B. Wayne (*pro hac vice*)
Brian J. Young (*pro hac vice*)
500 8th Street, N.W.
Washington, D.C. 20004
(202) 799-4000
(202) 799-5000 (fax)
charles.wayne@dlapiper.com
brian.young@dlapiper.com


/s/ Lisa A. Frey
Lisa A. Frey (*pro hac vice*)
50 Old Main Road, #1857
Quogue, NY  11959
(917) 565-1066
lisaxfrey@gmail.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2021, a copy of the foregoing was served by electronic mail using the CM/ECF system, which will then send notification of such filing to all counsel of record.

/s/Charles B. Wayne
Charles B. Wayne

**PLAINTIFF'S REVISED PROPOSED INSTRUCTION NO. 14**

**Violation of Title IX**

Title IX of the Education Amendments of 1972, a federal law, provides that schools receiving federal funds must not discriminate on the basis of sex in the school's "education program or activity." In this case, Andrew Mobus alleges that Bard College violated his rights under Title IX in connection with the investigation and adjudication of J.G.'s claim of sexual misconduct. To find for Andrew on this claim, you must determine that, first, the evidence cast some articulable doubt on the accuracy of the outcome of the J.G. disciplinary proceeding; and, second, the evidence shows that gender bias was a motivating factor.

A.   **Articulable Doubt**

You may find the evidence cast articulable doubt on the outcome by finding any of the following with respect to the J.G. disciplinary proceeding:

(i) procedural flaws or deficiencies in the charging, investigation, or hearing;

(ii) inconsistencies or errors in the school's findings and decision finding Andrew responsible; or

(iii) evidentiary weaknesses underlying the school's decision, including a motive to lie on the part of a complainant or witnesses, particularized strengths of the defense, or other reason to doubt the veracity of the charge.

B.   **Motivated by Gender Bias**

If you find the evidence cast some articulable doubt on the accuracy of the outcome of the J.G. proceeding, then you must consider whether gender bias was a motivating factor. Keep in mind that gender bias rarely appears in the form of a direct statement or other "smoking gun." For this reason, you may consider the evidence admitted at trial as to whether Bard College's decision was motivated in part by gender bias, including direct and circumstantial evidence.

Such evidence includes, but is not limited to: (1) clear procedural irregularities in the J.G. disciplinary proceeding; (2) statements by members of the J.G. committee; (3) statements by pertinent university officials at Simon's Rock; (4) evidence of outside pressure that affected university officials involved in the J.G. disciplinary proceeding; (5) patterns of decision-making showing the influence of gender; (6) policies or procedures designed to reach gender-specific outcomes; and (7) any other testimony or documentary evidence you deem relevant to the issue of gender bias.*

### C.   Damages

Having found a violation of Title IX, you must determine whether Andrew Mobus suffered damages as a result of the violation.  A deprivation of rights under Title IX may be remedied by compensatory damages.  Alternatively, you may award nominal damages if you determine Andrew has not presented proof of actual damages or injury.†

---

* *See* 20 U.S.C. §§ 1681-1688; U.S. Dep't of Education, Office for Civil Rights, *Revised Sexual Harassment Guidance:  Harassment of Students by School Employees, Other Students, or Third Parties – Title IX* (2001) (notice of publication at 66 Fed. Reg. 5512 (January 19, 2001)) ("2001 Guidance") at 20, available at http://www2.ed.gov/about/offices/list/ocr/docs/shguide.pdf; *Doe v. Oberlin*, 963 F.3d 580, 587 (6th Cir. 2020); *Doe v. Baum*, 903 F.3d 575, 586-87 (6th Cir. 2018); *Doe v. Columbia Univ.*, 831 F.3d 46, 56-57 (2d Cir. 2016); *Doe v. Purdue Univ.*, 928 F.3d 652, 669 (7th Cir. 2019); *Haidak v. University of Massachusetts-Amherst*, 933 F.3d 56, 70 (1st Cir. 2019); *Doe v. Trustees of Boston College*, 892 F.3d 67, 90 - 93 (1st Cir. 2018); *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994); *Harnois v. Univ. of Mass. at Dartmouth*, 2019 U.S. Dist. LEXIS 185873, at *13 (D. Mass. 2019); *Doe v. Grinnell Coll.*, 473 F. Supp. 3d 909, 928-30 (S.D. Iowa 2019); *Doe v. Marymount Univ.*, 297 F. Supp. 3d 573, 587 (E.D. Va. 2018); *Doe v. Brown University*, 210 F. Supp. 3d 310, 399 & n.16 (D.R.I. 2016), *Doe v. Brown Univ.*, 166 F. Supp. 3d 177, 185 (D.R.I. 2016).

† *Carey v. Piphus*, 435 U.S. 247, 267 (1978); *Farrar v. Hobby*, 506 U.S. 103, 112 (1992);  *New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, 140 S. Ct. 1525, 1535 (2020) (Alito, J., dissenting); *Uzuegbunam v. Preczewski*, --- S. Ct. ----, No. 19-968, 2021 WL 850106, at *7 (U.S. Mar. 8, 2021); *Haidak v. Univ. of Massachusetts-Amherst*, 933 F.3d 56, 73 (1st Cir. 2019); *Mercer v. Duke Univ.*, 50 F. App'x 643, 646 (4th Cir. 2002); *Guckenberger v. Bos. Univ.*, 974 F. Supp. 106, 154 (D. Mass. 1997).

**PLAINTIFF'S REVISED PROPOSED INSTRUCTION NO. 15**

**Breach of Contract**

Andrew has also alleged that Bard College breached its contract with him, causing him damage. In this case, the contract between Bard College and Andrew can be found in the 2013-2014 Student Handbook ("Student Handbook") and the Annual Report Concerning the Student Right-To-Know and Campus Security Act ("Annual Report").

You must first determine by a preponderance of the evidence whether Bard College breached any of the terms of this contract. A breach of contract is a material failure to comply with one or more terms of the contract. Andrew claims that Bard College committed the following breaches:

1. Bard College's policy for sexual misconduct disciplinary proceedings was not consistent with Title IX of the Education Amendments of 1972;

2. Failed to provide Andrew with due process;

3. Failed to keep Andrew fully informed of the nature of the alleged violations and the progress of the investigation;

4. Failed to afford Andrew "the opportunity to submit a written response to the Complaint" J.G. submitted to Bard College;

5. Failed to provide Andrew the right to choose a responder to provide support throughout the disciplinary process and to speak to the committee on his behalf;

6. Failed to conduct a thorough investigation of the allegations against him, including interviewing faculty and students with relevant knowledge, reviewing documents and photographs relevant to the charges against him;

7. Failed to appoint an unbiased Title IX Coordinator to oversee the investigation and adjudication of the claims against Andrew;

8.  Failed to appoint an unbiased sexual misconduct committee to investigate and adjudicate the claims against him;

9.  Failed to have the Dean of Students oversee the disciplinary process and make a final determination regarding the sanction imposed on Andrew;

10. Failed to protect Andrew's right to have an independent appeal to the provost of Bard College;

11. Failed to provide Andrew with a fundamentally fair hearing.

Should you find that Bard College breached its contract with Andrew in any of the foregoing respects, then you must next determine whether Andrew suffered damages as a result of Bard College's breach(es) of the contract. You may award nominal damages if you determine Andrew has not presented proof of actual damages or injury.[*]

---

[*] *See* Joseph D. Lipchitz, Massachusetts Superior Court Civil Practice Jury Instructions, Basic Contract Cases, § 14.1 (2018); *Doe v. Trustees of Boston College*, 892 F.3d 67, 85-87 (1st Cir. 2018); *Flynn v. AK Peters, Ltd.*, 377 F.3d 13, 23 (1st Cir. 2004) (citing *Nathan v. Tremont Storage Warehouse*, 102 N.E.2d 421, 423 (Mass. 1951)); *Doe v. Brandeis Univ.*, 177 F. Supp. 3d 561, 601 (D. Mass. 2016); *Page v. New England Tel. & Tel. Co.*, 418 N.E.2d 1217, 1218 (Mass. 1981); *St. Charles v. Kender*, 646 N.E.2d 411, 414 (Mass. App. Ct. 1995); *Davidson Pipe Supply Co. v. Johnson*, 440 N.E.2d 1194, 1196 (Mass. App. Ct. 1982).

**PLAINTIFF'S REVISED PROPOSED INSTRUCTION NO. 16**

**Basic Fairness**

In addition to the specific provisions of the Student Handbook and October 2011 Annual Report Concerning the Student Right-To-Know and Campus Security Act, the implied covenant of good faith and fair dealing created an independent duty to provide basic fairness to Andrew Mobus.  In connection with this duty, Bard College made a comprehensive guarantee to provide a "fundamentally fair" hearing and due process.  Therefore, you must separately determine whether Bard College's handling of the disciplinary proceeding against Mobus violated its guarantee of fundamental or basic fairness to him.

There is no one-size-fits-all answer to the question of what constitutes the basic fairness that a student is due.  The answer may vary depending on the competing interests at stake, including such factors as the magnitude of the alleged violation, the likely sanctions and other consequences of a finding of guilt, and the university's experience and aptitude in resolving disputes of that nature.  But a violation of basic fairness occurs when a school fails to provide procedural protections to an accused student that, in the criminal context, are among the basic and fundamental components of due process of law.  Whether a violation occurred should be determined based on the totality of the circumstances.  Should you find that Bard College violated the implied duty of basic fairness, you must assess whether Andrew suffered damages as a result of the violation.[*]

---

[*] *Doe v. Trustees of Boston College*, 892 F.3d 67, 87-88 (1st Cir. 2018); *Doe v. Brandeis Univ.*, 177 F. Supp. 3d 561, 601 (D. Mass. 2016).

**PLAINTIFF'S REVISED PROPOSED INSTRUCTION NO. 19**

**Damages**

If, under the Court's instructions, you find that Bard College violated Title IX, breached its contract with Andrew Mobus, violated the duty of basic fairness, or intentionally inflicted emotional distress, then you must award Andrew damages that may fairly and reasonably be considered as arising from the unlawful conduct. As with all other elements of his claims, Andrew must prove damages by a preponderance of the evidence.

Damages cannot be speculative and must be proved with a reasonable degree of certainty. However, a mathematical certainty in measuring damages is not a requirement for the plaintiff to receive an award of damages. Much of the determination of damages is left to your sound discretion as the jury.

If awarded, the damages should measure the cost to Andrew of Bard College's unlawful conduct. In general, the damages award should put Andrew in as good a position as he would have been if Bard College had not violated Title IX, breached its contract, violated the duty of basic fairness, or intentionally inflicted emotional distress on Andrew.

One category of damages you may award is past and future lost income and diminished earnings capacity. Whether employed, retired, or never have worked in our lives, each of us has the ability to earn money, which is called an earning capacity. The ability, the capacity to earn money, varies from individual to individual depending upon a number of factors, including evidence of earnings before and after the injury, occupation, education, capacity, training, experience, health, habits, talents that a person has, skills that a person has, intelligence and industry.

You may also award non-economic damages, which include reputational damages, damages associated with any stigma suffered by Andrew, as well as damages for any emotional distress.

If you find, after considering all of the evidence, that Bard College violated Plaintiff's Title IX rights, breached the contract, violated the duty of basic fairness, or intentionally inflicted emotional distress, but that Plaintiff suffered no injury, you may award nominal damages in the amount of one dollar. An award of nominal damages is symbolic but serves as recognition that a plaintiff's rights were violated. You may award nominal damages if you conclude that the only injury Andrew suffered was the deprivation of his rights under Title IX or the contract, without any resulting financial or emotional damage. You may not award both nominal and actual damages; either Plaintiff was measurably injured, in which case you must award actual damages, or else he was not, in which case you may award nominal damages.*

---

* 3C Fed. Jury Prac. & Instr. §§ 126.07, 177:70, 177.73 (6th ed.); 4 Modern Federal Jury Instructions-Civil P 77.03, 77-6 (2020); Joseph D. Lipchitz, Esq., Mass. Super. Ct. Civ. Prac. Jury Instructions §§ 14.9.1, 14.9.2 (2019); Paul R. Sugarman, Esq. & Hon. Valerie A. Yarashus, Mass. Super. Ct. Civ. Prac. Jury Instructions § 2.1.14(a) (2018); *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 76 (1992); *Magnett v. Pelletier*, 488 F.2d 33, 35 (1st Cir. 1973); *Doe v. Brandeis*, 177 F. Supp. 3d 561, 607 (D. Mass. 2016); *Benning v. Corp. of Marlboro College*, 2014 WL 3844217, at *3 (D. Vt. 2014); *Don v. Soo Hoo*, 912 N.E.2d 18, 24 (Mass. App. Ct. 2009); *Doe v. Trustees of Boston College*, 1:15-cv-10790, at Doc. 154 (D. Mass.); *Sullivan v. O'Connor*, 296 N.E.2d 183, 189 (Mass. 1973) (citing Restatement (Second) of Contracts § 353).