## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW MOBUS,<br><br>    Plaintiff and Defendant-in-Counterclaim,<br><br>    v.<br><br>BARD COLLEGE,<br><br>    Defendant and Plaintiff-in-Counterclaim. | C.A. No. 1:17-cv-11011-GAO |

### DEFENDANT BARD COLLEGE'S PROPOSED ALTERNATIVE JURY INSTRUCTIONS

Defendant and Plaintiff-in-Counterclaim, Bard College (the "College") and Plaintiff and Defendant-in-Counterclaim, Andrew Mobus ("Mr. Mobus") (the College and Mr. Mobus, collectively, the "Parties"), have each submitted proposed jury instructions pursuant to Rule 51 of the Federal Rules of Civil Procedure. *See* ECF Nos. 239 and 264. As evidenced in those proposed jury instructions, the Parties have diverging views on the appropriate instruction with respect to Mr. Mobus's Title IX claim under an erroneous outcome theory. In recognition of the conflict between the Parties proposed jury instructions, the College submits for the Court's consideration the accompanying proposed alternative jury instructions for Plaintiff's Title IX claim, which are adopted from the jury instructions provided by the United States District Court for the District of South Carolina, Florence Division, in *Doe v. Coastal Carolina University*, No. 4:18-cv-00268-SAL, with respect to the Title IX claim based on an erroneous outcome theory of liability asserted by the plaintiff in that matter. *See Id.* at ECF No. 154 (Mar. 15, 2021), Instruction Nos. 14 and 17.

The College submits these proposed alternative jury instructions without waiver of argument that the proposed jury instructions previously submitted by the College on pages 11 through 21 of ECF No. 239 reflect the appropriate standard for a Title IX claim based on an erroneous outcome theory of liability and should be adopted by the Court in issuing jury instructions for this matter.

        **BARD COLLEGE**

        By its attorneys,

        /s/ Scott A. Roberts
        Scott A. Roberts (BBO No. 550732)
           sroberts@hrwlawyers.com
        Arielle B. Kristan (BBO No. 677048)
           akristan@hrwlawyers.com
        HIRSCH ROBERTS WEINSTEIN LLP
        24 Federal Street, 12th Floor
        Boston, Massachusetts 02110
        (617) 348-4300

Dated: April 9, 2021

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on April 9, 2021.

        /s/ Scott A. Roberts
        Scott A. Roberts

**Proposed Alternative Jury Instruction No. \_\_\_[1]**

**TITLE IX**

Mr. Mobus basis his lawsuit on Title IX of the Education Amendments of 1972. Title IX prohibits colleges and universities from denying student access to educational benefits and opportunities on the basis of the student's gender. For Mr. Mobus to prevail against the College under Title IX, he must demonstrate that the College engaged in intentional gender discrimination against him. This means gender was either the sole reason or a motivating factor for the disciplinary actions the College took against him.

---

[1] *Doe v. Coastal Carolina University*, No. 4:18-cv-00268-SAL (Mar. 15, 2021, ECF No. 154), at Instruction No. 14.

**Proposed Alternative Jury Instruction No. \_\_\_[2]**

**TITLE IX – PROHIBITION AGAINST SECOND-GUESSING**

When determining whether an educational institution committed a Title IX violation, judges and juries should refrain from second-guessing the disciplinary decisions made by school administrators. Title IX does not require federal courts to second-guess debatable administrative decisions. That is because administrative decisions are generally best made by the educational institution, and not a federal court. Neither this Court, nor the jury, is to decide whether the College's disciplinary decisions were right or wrong.

---

[2] *Doe v. Coastal Carolina University*, No. 4:18-cv-00268-SAL (Mar. 15, 2021, ECF No. 154), at Instruction No. 17.