UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW MOBUS,<br><br>    Plaintiff and Defendant-in-Counterclaim,<br><br>    v.<br><br>BARD COLLEGE,<br><br>    Defendant and Plaintiff-in-Counterclaim. | C.A. No. 1:17-cv-11011-GAO |

## DEFENDANT BARD COLLEGE'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, Defendant and Plaintiff-in-Counterclaim, Bard College (the "College"), respectfully requests that the Court instruct the jury on the law in accordance with the following additional, proposed jury instructions, which supplement the College's proposed jury instructions previously submitted. *See* ECF No. 239. The College submits these instructions in part in response to the Court's denial of the College's motion under Rule 50(a) to preclude the jury's consideration of Exhibit 105 (identified as an October 2011 Annual Report Concerning the Student Right-To-Know and Campus Security Act) as part of the contractual relationship between the parties during the 2013/2014 academic year, which is when Plaintiff Andrew Mobus attended Bard College at Simon's Rock.   ECF No. 306. The College respectfully reserves the right to submit further supplemental jury instructions at the close of the evidence.

                                       **BARD COLLEGE**

                                       By its attorneys,

                                       /s/ Scott A. Roberts
                                       Scott A. Roberts (BBO No. 550732)
                                             sroberts@hrwlawyers.com
                                       Arielle B. Kristan (BBO No. 677048)
                                             akristan@hrwlawyers.com
                                       HIRSCH ROBERTS WEINSTEIN LLP
                                       24 Federal Street, 12th Floor
                                       Boston, Massachusetts 02110
Dated: April 11, 2021                   (617) 348-4300

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on April 11, 2021.

                                         /s/ Scott A. Roberts
                                         Scott A. Roberts

**Defendant's Proposed Instruction No. \_\_\_**

**NATURE OF A BREACH OF CONTRACT IN COLLEGE SETTING**

In considering whether the College breached any contract with Mr. Mobus, you should consider the reasonable expectations set by the contractual relationship. A student is not entitled to a perfect disciplinary process, and minor technical violations are not enough to find that the College breached its contract with Mr. Mobus. For Mr. Mobus to establish a contractual violation, he is obligated to establish that errors occurred that caused him significant prejudice that affected the outcome of the process.[1]

---

[1] *Doe v. Stonehill College, Inc.*, Civ. No. 20-104683-LTS, 2021 WL 706228, *13 (D. Mass. Feb. 23, 2021); *Doe v. Brown Univ.*, 210 F.Supp.3d 310, 331 (D. R.I. 2016) ("a student is not entitled to a perfect disciplinary process, and it is not the Court's role to be an appeals court for Brown's disciplinary decisions. Nor is it the case that any minor technical violation entitles a student to a new disciplinary hearing or a review by this Court.").

**Defendant's Proposed Instruction No.\_\_\_**

**CONTRACT FORMATION – ANNUAL SECURITY REPORT**

While the parties agree that the College was contractually obligated to follow the Sexual Misconduct Policy contained in the 2013/2014 Simon's Rock Student Handbook in connection with investigating and adjudicating JG's allegations against Mr. Mobus, there is disagreement as to whether the 2013/2014 Student Handbook is the only document that reflects the parties' contractual relationship.

Mr. Mobus has argued that the College was also contractually obligated to abide by language in a 2011 Annual Security Report, which is in evidence as Exhibit 113. There is no dispute that Mr. Mobus had not seen that document prior to starting this lawsuit, after he was expelled. The College denies that the 2011 Annual Security Report was part of the parties' contractual relationship.

Before determining whether the College can be responsible for any breach of the 2011 Annual Security Report, you must first determine whether the College was contractually obligated to adhere to that report in connection with the investigation of JG's allegations in 2014.

A contract exists when the parties agree to terms and conditions of mutual promises. This is referred to as the "meeting of the minds." For there to have been a contract between Mr. Mobus and the College involving the 2011 Annual Security Report, there must have been a meeting of the minds that the 2011 report was part of their relationship in 2014. A meeting of the minds may be made wholly or partly by written or spoken words or by other acts or conduct. In determining whether there was a contract between the College and Mr. Mobus with respect to the 2011 Security Report, you must decide whether or not there was a meeting of the minds between the parties with respect to any of the language in that report, and a present intention between the College and Mr. Mobus to be bound by that report in 2014.[2]

In order to prove that the 2011 Annual Security Report constituted a contract between Mr. Mobus and the College, Mr. Mobus must prove that (1) an offer was made by the College to Mr. Mobus to be bound by the 2011 report; (2) that Mr. Mobus accepted the offer; and (3) that the parties each gave up something of value or promised to give up something of value for entering into the contractual relationship, which is referred to under the law as "consideration."[3]

An offer is an expression of willingness or desire to enter into a contract made with the intent that if the other party accepts the offer, then there is a contract. The offer must state with reasonable certainty what is to be exchanged between the parties. Acceptance of an offer is an expression of willingness or desire to assent to the terms of the offer.[4] Therefore, you must determine whether the College made an offer to Mr. Mobus that included being bound by the

---

[2] Kevin F. O'Malley, Jay Grenig, and the Honorable William C. Lee, 3 Fed. Jury Practice & Instr. §126.01 (6th ed.).
[3] Massachusetts Sup. Ct. Civil Jury Instr. § 13.1.2 (MCLE 2008).
[4] *Id.* at § 13.1.3.

4

2011 Annual Security Report, and whether Mr. Mobus expressed a willingness or desire to accept that offer.

Further, with respect to consideration, the third element required for a contract to be formed, Mr. Mobus must prove that there was either a benefit to the College or a detriment to Mr. Mobus exchanged for entering into the purported agreement.[5] If you find that there was no consideration in connection with any offer and acceptance to be bound by the 2011 Annual Security Report, then you must find that the 2011 Annual Security Report is not part of the parties' contractual relationship.

If you do find that Mr. Mobus has established that there was an offer, acceptance, and consideration for the 2011 Annual Security Report, such that it created a contract between Mr. Mobus and the College, then you must determine the terms of that agreement. A contract only includes those terms to which the parties mutually assented with reasonable certainty.[6]

If you do not find that the terms of the 2011 Annual Security Report, in part or in whole, was part of the parties' contractual relationship, then you should not consider those terms when assessing whether Mr. Mobus has established the necessary elements for his breach of contract claim.

---

[5] *Id.* at § 13.1.8.
[6] *Id.* at § 13.1.11.