UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANDREW MOBUS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 17-11011-GAO |
| BARD COLLEGE, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
SUPPLEMENTAL JURY INSTRUCTIONS**

Plaintiff Andrew Mobus submits this response to Defendant's Proposed Alternative Jury Instructions (Doc. 307) and Supplemental Proposed Jury Instructions (Doc. 308).

**1. The *Doe v. Coastal Carolina* Instructions Are Inconsistent with Precedent.**

Defendant's proposed alternative instruction relating to Title IX states:

> For Mr. Mobus to prevail against the College under Title IX, he must demonstrate that the College engaged in intentional gender discrimination against him. This means gender was either the sole reason or a motivating factor for the disciplinary actions the College took against him.

Doc. 307 at 3. This is not the standard under any authority adopted or applied by the First Circuit. The instruction also makes no sense—if a gender is the sole reason for an action, then it is also a motivating factor.

In *Doe v. Boston College*, the court succinctly stated that a plaintiff "must offer evidence (1) that would cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding and (2) show gender bias was a motivating factor." *Doe v. Trs. of Boston Coll.*, 892 F.3d 67, 91 (1st Cir. 2018) (quoting *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994))

1

(internal quotation marks omitted).[1]  This standard—articulated by the First Circuit and applied by courts across the country—should be the main source of the instructions given to the jury on Title IX.  *See* Plaintiff's Revised Proposed Jury Instruction No. 14 (Doc. 294 at 3).

Defendant's second proposed alternative instruction, seeking to impose a "prohibition against second-guessing" (Doc. 307 at 4) is, in addition to being confusing, not supported by any legal authority and contrary to law.  The "articulable doubt" element has two primary categories of proof:  (1) "particular procedural flaws affecting the proof"; and (2) evidentiary weaknesses underlying the decision of guilt, including "a motive to lie on the part of a complainant or witnesses, particularized strengths of the defense, or other reason to doubt the veracity of the charge."  *Yusuf*, 35 F.3d at 715.  The jury's evaluation of these categories of proof necessarily requires them to evaluate (or "second guess") the "disciplinary decisions" of officials at Simon's Rock, particularly the disciplinary decisions associated with alleged procedural flaws.

It would be appropriate, however, to give a somewhat similar instruction which more clearly achieves what may have been intended by the *Coastal Carolina* court.  Plaintiff's Proposed Instruction No. 4—"Not a Retrial of the Underlying Allegations"—generally instructs the jury that it is not tasked with making an independent determination as to what happened between Andrew and J.G. on the dates in question.  *See* Doc. No. 264 at 6.

---

[1] In *Boston College*, the First Circuit noted that the Sixth Circuit had applied the same framework to Title IX erroneous outcome claims.  *Boston Coll.*, 892 F.3d at 90 n.12 (citing *Doe v. Miami Univ.*, 882 F.3d 579, 592 (6th Cir. 2018); *Doe v. Cummins*, 662 F. App'x 437, 451-52 (6th Cir. 2016); *Mallory v. Ohio Univ.*, 76 F. App'x 634, 638-39 (6th Cir. 2003)).  Since then, the Sixth Circuit has continued to apply and develop the articulable doubt framework.  *See Doe v. Oberlin Coll.*, 963 F.3d 580, 586 (6th Cir. 2020); *Doe v. Baum*, 903 F.3d 575, 585 (6th Cir. 2018).  Other courts in this circuit have applied the same framework.  *See Doe v. Brown Univ.*, 166 F. Supp. 3d 177, 185 (D.R.I. 2016).

### 2. Defendant's New Contract Instructions Misstate the Reasonable Expectations Standard and Applicable Law.

Defendant's first instruction first states "[i]n considering whether the College breached any contract with Mr. Mobus, you should consider the reasonable expectations set by the contractual relationship." Doc. 308 at 3. This statement is not a correct statement of the law because it suggests that the trier of fact simply assess whether the contractual promises are reasonable, without regard to the unique relationship between a school and its students. The First Circuit has explained that the "reasonable expectations standard" requires a court to ask "what meaning the party making the manifestation, the university, should reasonably expect the other party, the student, to give to it." *Boston College*, 892 F.3d at 80 (citations and quotation marks omitted). This rule is applied in "the context of disciplinary proceedings" by "review[ing] the procedures followed to ensure that they fall within the rang of reasonable expectations of one reading the relevant rules." *Id.* (citations and quotation marks omitted).

The second part of Defendant's "technical violation" instruction is merely a restatement of the standard rule that a breach must be material. *See* Plaintiff's Revised Proposed Instruction No. 15 (Doc. 294 at 5) ("A breach of contract is a *material* failure to comply with one or more terms of the contract."). Defendant's reliance on a more complicated statement of this rule from *Doe v. Stonehill College*, 2021 WL 706228 (D. Mass. 2021) and *Doe v. Brown University*, 210 F. Supp. 3d 310, 331 (D.R.I. 2016) is misplaced. The court in *Stonehill* does quote and cite *Doe v. Brown*, *see Stonehill College*, 2021 WL 706228 at *13, the two authorities for Defendant's instruction. But, upon closer inspection, the court in *Brown* was (1) applying Rhode Island law, and (2) assessing whether Brown's "rules and procedures, on their face, violate[d] public policy or the law," a legal contention not at issue in this case, and certainly not a consideration for the jury. *See Brown Univ.*, 210 F. Supp. at 330-31.

Defendant's final proposed contract formation instruction is also misguided. Doc. 308 at 4-5. First, the interpretation of a contract, which includes which terms or documents are part of that contract, is a question of law for the Court. *See Doe v. Brandeis Univ.*, 177 F. Supp. 3d 561, 594 (D. Mass. 2016); *Bleiler v. Coll. of Holy Cross*, 2013 WL 4714340, at *15 (D. Mass. 2013). In denying Defendant's Second Motion in Limine (Doc. 241) and admitting the Clery Report into evidence, the Court implicitly ruled that the Clery Report is part of the contract. *See also* Doc. 241 at 304 (collecting authorities stating website statements are part of the student-school contract); M. Checchi Testimony, Day 2 Rough 192-93 (testifying that Clery Report was published on the school's website for students to see). The Court also denied Defendant's motion for judgment as a matter of law on this very issue. Day 6 Rough 175.

Defendant's proposed contract formation instruction would not only usurp the role of the Court, but it would also defy the legal standard governing the relationship between students and schools. As the Court is aware, the reasonable expectations standard was adopted by the First Circuit in *Lyons v. Salve Regina Coll.*, 565 F.2d 200, 202 (1st Cir. 1977), where the court stated the following:

> It is apparent that some elements of the law of contracts are used and should be used in the analysis of the relationship between plaintiff and the university to provide some framework into which to put the problem . . . . This does not mean that "contract law" must be rigidly applied in all its aspects, nor is it so applied even when the contract analogy is extensively adopted. . . . The student-university relationship is unique, and it should not be and can not be stuffed into one doctrinal category. . . .

*Id.* (applying Rhode Island law) (quoting *Slaughter v. Brigham Young University*, 514 F.2d 622 (10th Cir. 1975), and citing *Giles v. Howard University,* 428 F. Supp. 603, 605 (D.D.C.1977),). *See also Cloud v. Trustees of Bos. Univ.*, 720 F.2d 721, 724 (1st Cir. 1983) (applying Massachusetts law) ("Thus, we apply . . . the standard of 'reasonable expectation—what meaning

4

the party making the manifestation, the university, should reasonably expect the other party to give it.'" (quoting *Slaugher*, 514 F.2d at 626)).

There is nothing in the law of this Circuit, Massachusetts, or elsewhere that requires a student to prove offer, acceptance, and consideration to prove a particular term or document is part of a claim for breach of contract. Defendant is improperly seeking to import the rigid elements of commercial contract formation into the relationship between the student and school, a position it has not taken until its Fed. R. Civ. P. 50 motion, and a position that is contrary to longstanding First Circuit precedent. The reasonable expectations standard applies, and the Court has already ruled that Defendant's "procedures to follow when a sex offense occurs" (Exhibit 105 at 6) are part of the contract.

Respectfully submitted,

Andrew Mobus

By his attorneys,

DLA PIPER LLP (US)

/s/ Matthew J. Iverson
Matthew J. Iverson (BBO # 653880)
33 Arch Street, 26th Floor
Boston, MA 02110
(617) 406-6000
(617) 406-6100 (fax)
matthew.iverson@dlapiper.com

/s/ Charles B. Wayne
Charles B. Wayne (*pro hac vice*)
Brian J. Young (*pro hac vice*)
500 8th Street, N.W.
Washington, D.C. 20004
(202) 799-4000
(202) 799-5000 (fax)
charles.wayne@dlapiper.com
brian.young@dlapiper.com


/s/ Lisa A. Frey
Lisa A. Frey (*pro hac vice*)
50 Old Main Road, #1857
Quogue, NY  11959
(917) 565-1066
lisaxfrey@gmail.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2021, a copy of the foregoing was served by electronic mail using the CM/ECF system, which will then send notification of such filing to all counsel of record.


/s/Charles B. Wayne
Charles B. Wayne